# IN THE COURT OF APPEALS OF IOWA

No. 17-0849
Filed August 16, 2017

**IN THE INTEREST OF D.N. and N.N.,**
**Minor Children,**

**L.S., Mother,**
        Appellant.

_____

        Appeal from the Iowa District Court for Dubuque County, Thomas J.
Straka, Associate Juvenile Judge.


        A mother appeals from a juvenile court's order terminating her parental
rights.  **AFFIRMED.**



        MaryBeth A. Fleming of MaryBeth Fleming Law Office, P.C., Dubuque, for
appellant mother.

        Thomas J. Miller, Attorney General, and Ana Dixit, Assistant Attorney
General, for appellee State.

        William A. Lansing of William A. Lansing, P.C., Dubuque, attorney and
guardian ad litem for minor children.


        Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**MULLINS, Judge.**

A mother appeals from a juvenile court's order terminating her parental rights to her two children: D.N., born in June 2010, and N.N., born in March 2016. The mother argues termination is not in the children's best interests because she shares a bond with them. She further argues the juvenile court should have granted her request for an additional six months to work toward reunification.

This family has a history of involvement with the Iowa Department of Human Services (DHS) dating back to at least January 2007, when one of the mother's older children tested positive for illegal drugs.[1] D.N. has also tested positive for illegal drugs in the past. In 2013, the juvenile court adjudicated D.N. a child in need of assistance (CINA). The parents cooperated with services, regained custody of D.N., and the CINA case was closed in 2014. DHS became involved with the family again in March 2016 shortly before N.N. was born due to concerns the father was using illegal drugs while caring for D.N. In April, the juvenile court removed the children from the parents' care and custody due to the parents' continued drug use, mental-health issues, and violation of the safety plan in place at the time. The children have remained out of their parents' care since that time. The juvenile court adjudicated both children CINA in June 2016. In April 2017, the State filed a petition for termination of the parents' rights.

The juvenile court terminated the mother's parental rights pursuant to Iowa Code section 232.116(1)(*l*) (2017) as to both children, paragraph (f) as to D.N.,

---

[1] The mother has three older children not at issue here. The juvenile court previously terminated the mother's parental rights to her three older children due to her substance-abuse and mental-health issues.

and paragraph (h) as to N.N.[2]  We review termination-of-parental-rights proceedings de novo.  *In re M.W.*, 876 N.W.2d 212, 219 (Iowa 2016).  "We are not bound by the juvenile court's findings of fact, but we do give them weight, especially in assessing the credibility of witnesses."  *Id.* (quoting *In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014)).  Our primary consideration is the best interests of the child.  *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006).

The mother does not challenge the statutory grounds for termination on appeal; thus, we do not address this issue.  *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010) (stating that when a parent does not challenge the existence of statutory grounds, we need not address the issue).  Instead, she contends termination is not in the children's best interests because she shares a strong bond with them.

In determining whether termination of a parent's parental rights is in children's best interests, we "give primary consideration to the child[ren]'s safety, to the best placement for furthering the long-term nurturing and growth of the child[ren], and to the physical, mental, and emotional condition and needs of the child[ren]."  Iowa Code § 232.116(2).  "Insight for the determination of the child's long-range best interests can be gleaned from 'evidence of the parent's past performance for that performance may be indicative of the quality of the future care that parent is capable of providing.'"  *In re A.B.*, 815 N.W.2d 764, 778 (Iowa 2012) (quoting *In re C.B.*, 611 N.W.2d 489, 495 (Iowa 2000)).  Under Iowa Code section 232.116(3)(c), the juvenile court need not terminate the parental

---

[2] The juvenile court also terminated the father's parental rights; he does not appeal.

relationship if it finds by clear and convincing evidence that the termination would be detrimental to the child due to the closeness of the parent-child bond.

The mother has a lengthy history of substance abuse. She has continued to struggle with establishing and maintaining sobriety in the underlying CINA case, having tested positive for illegal drugs, including methamphetamine, benzodiazepine, and marijuana, numerous times throughout the case. Although the mother progressed to exercising partially supervised extended and overnight visits with her children in the fall of 2016, by November, the mother had relapsed and lost her housing. Throughout the next two months the mother heavily used drugs with the children's father, did not cooperate with services, and did not consistently attend visits with her children. In late February 2017, the mother was committed to the hospital to participate in inpatient substance-abuse treatment. At the time of the termination hearing, the mother had maintained sobriety for just over two months. However, her success was due to the fact that she was in treatment during that time and was still residing at a treatment facility at the time of the hearing.

The mother has participated in fifteen substance-abuse treatment programs over the past decade and has been unable to demonstrate any ability to maintain sobriety outside of these structured programs. The record also shows the mother has untreated mental-health issues. She has refused to cooperate with counseling, medication management, or otherwise participate in any meaningful mental-health treatment. The mother's issues with substance abuse and mental health were present when her parental rights were terminated to her three oldest children and have continued to have a detrimental impact on

the two children involved here. Further, at the time of the hearing, the mother was not able to provide for her children's needs because she was unemployed and did not have stable housing.

N.N. was removed from the mother's custody when the child was one month old and has not returned to the mother's care. The mother has not been consistent in her visits with her children and has repeatedly put her own desires before the needs of her children. We conclude N.N. does not share a bond with the mother so as to preclude termination. The record clearly shows, however, that D.N. does share a close bond with the mother and will likely suffer as a result of the termination. Still, we agree with the juvenile court's assessment that "requiring [D.N.] to 'hang in limbo' waiting for [the mother] to progress or, worse, that [D.N.] is returned home and then again removed, outweigh the negative impacts of termination." The court noted the mother's past cycle of drug use, treatment, and relapse, all while her children waited for her to get sober and determined termination was in the children's best interests. We agree with the juvenile court's determination.

The mother also argues the juvenile court should have given her additional time to prove she could maintain sobriety. Under Iowa Code section 232.104(2)(b), a court may authorize a six-month extension if it determines "the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period."

"It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable

home for the child." *In re A.B.*, 815 N.W.2d at 777 (quoting *In re P.L.*, 778 N.W.2d at 41). The mother continues to struggle with the same issues now that have plagued her for over a decade. She has already had her parental rights terminated with regard to her three older children and has previously had D.N. removed from her custody due to her unresolved mental-health and substance-abuse issues. D.N. is now five years old and has been out of the mother's care for over a year. N.N. is now one year old and has been out of the mother's care for all but one month of the child's life. "[A]t some point, the rights and needs of the children rise above the rights and needs of the parent." *In re C.S.*, 776 N.W.2d 297, 300 (Iowa Ct. App. 2009). These children need and deserve permanency and stability. *See In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010); *In re C.K.*, 558 N.W.2d 170, 175 (Iowa 1997) ("It is simply not in the best interests of children to continue to keep them in temporary foster homes while the natural parents get their lives together."). Based upon our de novo review of the record, we are not persuaded the need for removal would no longer exist at the end of six months. *See* Iowa Code § 232.104(2)(b).

Accordingly, we affirm the juvenile court's order terminating the mother's parental rights to her children.

**AFFIRMED.**